VEREEKE *v.* CITY OF GRAND RAPIDS.

MASTER AND SERVANT — WORKMEN'S COMPENSATION — INDUSTRIAL ACCIDENT BOARD — STIPULATION—CONTRACTS — AMOUNT OF COMPENSATION—WAIVER.

Where claimant and contestant agreed and stipulated, in order to avoid expense, that the Industrial Accident Board should consider a claim for compensation as a full board as if the questions had been arbitrated and decision reached, also stipulating that the deceased earned $19.50 weekly, of which he contributed $12 to claimant, and where evidence was introduced at the hearing before the board by the claimant, without relying upon the alleged stipulation, and the board made an order granting $6 a week for three hundred weeks, the order of the board will not be reversed on the theory that it was bound by the amounts stated in the stipulation. Act No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3939 *et seq.*).

Certiorari to the Industrial Accident Board. Submitted January 14, 1915. (Docket No. 95.) Decided March 17, 1915.

Kate Vereeke presented her claim for compensation for the accidental death of David Vereeke while he was employed by the city of Grand Rapids. An order awarding compensation is reviewed by claimant upon certiorari. Affirmed.

*Ellis & Ellis,* for claimant.

*R. M. Ferguson,* for defendant.

MOORE, J. This is certiorari to the Industrial Accident Board, brought by Kate Vereeke as claimant against the city of Grand Rapids, for compensation for the death of her son, David Vereeke, who was

killed while in the discharge of his duties as an em-
ployee of the city of Grand Rapids.  At the inception
of this cause, the parties, desiring to avoid the expense
and delay of arbitration, entered into a stipulation
whereby they waived the action of arbitrators.  The
stipulation contained the following:

"That the arbitration of the matters in difference
between the parties hereto, provided for in said Work-
men's Compensation Law, be and the same is hereby
waived, and the decision of said matters is hereby sub-
mitted to the Industrial Accident Board, sitting as a
full board, the same as if this cause had proceeded to
arbitration under said law and the decision on arbitra-
tion therein had been appealed from and said cause
thereby brought before the full board on appeal from
such decision.  It is further stipulated and agreed that
the decision of said board in this cause pursuant to
this stipulation, and based upon the facts set forth
herein, shall be valid and binding, and shall have the
same validity, force, and effect as if said cause had
proceeded in arbitration in due course, and was
brought before the full board on appeal duly taken
from the decision of an arbitration committee there-
in."

The stipulation showed the amount earned was
$19.50 a week  of which he contributed to his mother
$12 a week.

This stipulation was signed on the 5th day of
March, 1914.  After the signing of it and before
action was taken by the Industrial Accident Board,
the father of the deceased, whom the mother had di-
vorced, attempted to prevent the mother from obtain-
ing any benefit under the compensation law, and filed
with the Industrial Accident Board objections to her
claim, insisting she was not dependent upon her son.
The return of the  Accident  Board contains the fol-
lowing:

"That a petition was filed in said cause by Cornelius
Vereeke, the former  husband of  the applicant, Kate
Vereeke, claiming for reasons set forth in said peti-

tion that the applicant, Kate Vereeke, was not entitled to receive or recover any compensation in said cause; that said cause came on to be heard before the board on due notice to all of the parties, said hearing being held at the office of the Industrial Accident Board on the 22d day of April, 1914, and that said Cornelius Vereeke did not appear at said hearing and did not offer or file any proofs tending to support his said petition; that on said hearing in said cause, said applicant, Kate Vereeke, was sworn as a witness in her behalf."

After counsel for Mrs. Vereeke concluded his examination of her the following occurred:

"*Mr. Reaves:*   Q. What other income did you have, Mrs. Vereeke, besides the $12 Dave gave you?

"*A.* John, my little boy, just commenced to work about a year ago next June, he ain't very strong, so he just got little odds and ends working in five-cent shows and like that. He went to school and worked after school in the Vaudette; he was usher there.

"*Mr. Reaves:*   Q. That was all the income you had?

"*A.* John wasn't getting very much in the Vaudette. I got a little from him, and I had an old man there; I got some from him, too.

"*Q.* The old man boarded there?

"*A.* Yes, sir.

"*Q.* How much did you get from him?

"*A.* Four dollars.

"*Q.* How long was he boarding there?

"*A.* A couple of years.

"*Mr. Allen:* He was your father?

"*A.* Yes, sir; he was my pa."

No further explanation was made of her relations with her father or her son John.

The Accident Board made an order allowing Mrs. Vereeke $6 a week for 300 weeks, and a present payment of $124. Mrs. Vereeke seeks a review of this order claiming:

"*First.* Assuming that the board had the right to go outside of the stipulated facts, there was nothing

in the evidence that could justify the decision of the board.

"*Second.* The parties having agreed upon the facts, the statute delegated no authority to the board to disregard the agreement.

"*Third.* The board having authorized a stipulation, and the parties having stipulated, the agreement should be treated the same as a case made or a stipulation of facts by the parties in the case."

A great many authorities are cited to show that the Industrial Accident Board was bound by the stipulation. We think it clear, however, that the purpose of the stipulation was to avoid the necessity of a hearing before arbitrators, and to get the direct action of the Industrial Accident Board.

Section 5, pt. 3, of Act No. 10, Public Acts, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3973), reads:

"If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the Industrial Accident Board, and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

Section 11 provides what shall be done if a claim for review is filed. It is apparent from the record that when the divorced husband denied the right of the claimant to an order for support growing out of the death of her son, claimant and her counsel proceeded upon the theory that a hearing before the Industrial Accident Board should be had. It was not then urged that the parties were bound by the stipulation, but without objection the hearing was entered upon. It is not necessary to intimate what the situation would have been if the claimant had relied upon the stipulation, nor what the effect would have been

if she had explained more in detail her relations with her father and her son John. She did not do either of these things.

The order of the Industrial Board is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OS-TRANDER, BIRD, and STEERE, JJ., concurred.